Case 1:16-cv-00861-EPG   Document 13   Filed 06/17/16   Page 1 of 2

```
                                                              FILED
                                                           JUN 17 2016
                                                           SUSAN Y. SOONG
                                                     CLERK, U.S. DISTRICT COURT
                                                   NORTHERN DISTRICT OF CALIFORNIA
                                                            SAN JOSE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENDYL WELCH, | |
|---|---|
| Petitioner, | Case No. 16-cv-02059 LHK (PR) |
| v. | **ORDER OF TRANSFER** |
| JERRY BROWN, | |
| Respondent. | |

Petitioner has filed a habeas petition under 28 U.S.C. § 2241. Petitioner is being held in Coalinga State Hospital in Coalinga, California, under California's Sexual Violent Predator Act ("SVPA"). *See* Cal. Welf. & Inst. Code §§ 6600, et seq. In his petition, petitioner argues that the California Department of State Hospitals is violating his double jeopardy rights by using certain standards, procedures, and assessment tools to determine if he is a Sexually Violent Predator. He also argues that *Younger* abstention is not appropriate.

The petition is properly brought under 28 U.S.C. § 2241(c)(3), which provides habeas corpus jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3); *see, e.g., Jones v. McClain*, No. 07-cv-

Case No. 16-cv-02059 LHK (PR)
ORDER OF TRANSFER

1

06212-PA (VBK), 2008 WL 538672, at *2 (C.D. Cal. Jan. 16, 2008) (recognizing that pretrial petitions filed by a civil detainee awaiting SVPA trial "has available the general grant of habeas corpus authority found in Title 28 U.S.C. § 2241 where he is in pre-commitment custody and accordingly, a writ pursuant to 28 U.S.C. § 2254 is unavailable to him."). Although this court may have jurisdiction to hear a petition brought under Section 2241, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973), *Braden* makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988). The preferable forum for a Section 2241 habeas petition is the district of confinement. *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum for 2241 petition is district where petitioner confined).

The commitment proceedings are in Santa Clara County, which is in this district, and petitioner is confined in Fresno County, which is in the Eastern District of California. *See* 28 U.S.C. § 84. Pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this petition is TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk shall terminate all pending motions, and transfer this matter forthwith.

**IT IS SO ORDERED.**

DATED: 6/16/2016

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-02059 LHK (PR)
ORDER OF TRANSFER

2